

Villanova University School of Law Digital Repository

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2008

# Heller v. Fulare

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Heller v. Fulare" (2008). *2008 Decisions.* Paper 1056.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1056

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2908
_____

RONALD C. HELLER; JOHN R. FLINN; MATHEW W. LINDSEY;
OTTO G. BARTON, II; CHRIS WILLIAM BENDER,

Appellants

v.

JERRY C. FULARE, individually, and in his official capacity
as a Logan Township Supervisor also known as JEROME FULARE

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 04-cv-00265J)
District Judge: The Honorable Kim R. Gibson

_____

Submitted Under Third Circuit LAR 34.1(a)
May 23, 2008

Before: SMITH, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed June 5, 2008)

_____

PER CURIAM.

This matter has been before us previously on interlocutory appeal. The factual background remains unchanged. *See Heller v. Fulare*, 454 F.3d 174 (3d Cir. 2006). Ronald C. Heller, John R. Flinn, Matthew W. Lindsey, Otto G. Barton, II, and Chris William Bender filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging employment discrimination through retaliation in violation of their rights under the First Amendment to free speech. After protracted litigation, the District Court granted summary judgment on this remaining § 1983 claim against the Appellees.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291 and we review *de novo* an order granting summary judgment. *Saldana v. Kmart Corp.*, 260 F.3d 228, 231 (3d Cir. 2001). Judge Gibson's opinion is a thorough statement of his reasoning and fully supports his order. No further refutation of the Appellants' allegations of error is indicated. Hence, we will not further opine or offer additional explanations and reasons beyond those given by the District Court. It is sufficient to say that, essentially for the reasons given by the District Court in its opinion dated the 14th day of June, 2007, we will affirm.